DAVID F. SMITH, Plaintiff in Error,

*vs.*

ROLLIN THORP, Defendant in Error.

ERROR TO THE ROCK CIRCUIT COURT.

Though, under the code, an appeal lies from an order denying a new trial, yet a writ of error only lies to a final judgment. The code has wrought no change in this respect in regard to writs of error.

A printed *abstract* of the case, though it has the certificate of the clerk appended to it, cannot be considered a proper record.

This was doubtless a mistake in prosecuting a writ of error instead of an appeal from an order of the court below denying a motion for a new trial.

The case is explained in the opinion of the court.

*Williams & Patterson,* for the plaintiff in error.

*Sleeper & Norton,* for the defendant in error.

*By the Court,* SMITH, J.   This cause was commenced before a justice of the peace of Rock county, where the defendant obtained judgment, and the plaintiff appealed to the circuit court, wherein the plaintiff obtained a verdict for $74 21, and costs were taxed at $61 92.   Upon application of the defendant's attorney, the court below ordered that the defendant have ninety days to make a case whereon to move for a new trial, with leave to turn the same into a bill of exceptions. The motion for a new trial was denied, to which ruling the defendant excepted.   The bill of exceptions was settled by

Smith vs. Thorp.

stipulation, and it is probable that the parties supposed that the case was to be brought to this court by appeal from the order of the circuit court denying the motion for a new trial. But instead of an appeal, the defendant brought a writ of error. A writ of error only lies to a final judgment, and as there is no final judgment in this case, or any action of the court, as appears subsequent to the order refusing the new trial from the papers before us, the writ must be dismissed.

It may be well to remark, that in point of fact there is no proper record before this court. It is true the clerk has attached his certificate to the printed case, but that is, and purports to be only an abstract of the case. Whether or not it would be sufficient to sustain an appeal from the order of the court below, denying the motion for a new trial, it is not necessary to determine. But it can scarcely be called a record in the proper sense of that term. Certainly it is not one to which a writ of error can apply.

Writ of error dismissed.